UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVEN R. PHELPS,

        Plaintiff,

v.
                                                  Case No. 3:23-cv-673-MMH-PDB

JUDGE JOEL B. TOOMEY,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Steven R. Phelps, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) under 42 U.S.C. § 1983. Phelps did not include the filing fee with his Complaint, so the Court assumes he desires to proceed in forma pauperis.

He names one Defendant – the Honorable Joel B. Toomey, United States Magistrate Judge. Id. at 2. According to Phelps, Judge Toomey improperly denied his motion to appoint counsel filed in No. 3:22-cv-991-MMH-JBT, another civil rights action Phelps is pursuing in this Court. Id. at 6. He argues Judge Toomey's actions violated his equal protection and due process rights. Id. at 7. As relief, he requests appointment of counsel and monetary damages. Id. at 8-9.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should be ordered only when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure,

2

and therefore courts apply the same standard in both contexts.[1] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

Even though Phelps filed the Complaint under § 1983, he sues a federal official, not a state official. Thus, his action is more appropriately considered under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Marshall v. United States, 763 F. App'x 862, 864 (11th Cir. 2019).[2] To state a Bivens claim against a federal official in his individual capacity, a plaintiff must allege (1) a federal official acting under color of federal law (2) deprived him of one of these rights secured by the United States Constitution. See Bivens, 403 U.S. at 388. Because claims under § 1983 and Bivens are similar, courts often apply § 1983 law to Bivens cases. See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) ("The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

3

officials."). And "the immunities provided federal officials in Bivens actions are coextensive with those provided state officials in § 1983 actions." Bolin v. Story, 225 F.3d 1234, 1241 (11th Cir. 2000).

The Court must read Phelps's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010)).

Liberally read, Phelps's Complaint fails to state a plausible claim for relief against Judge Toomey. A judge acting within his judicial capacity is entitled to absolute immunity, and is not subject to civil suits for damages, unless he acted "in the clear absence of all jurisdiction." Bolin, 225 F.3d at 1239 (quotation omitted). This absolute immunity applies to federal judges. See Bevan v. Steele, 417 F. App'x 840, 841 (11th Cir. 2011) (finding that the district judge and magistrate judge were entitled to absolute judicial immunity

4

because the complained of actions were made during the court's normal conduct); Bolin, 225 F.3d at 1242 (finding federal judges are entitled to absolute immunity from damages and injunctive relief). Because Phelps complains about actions Judge Toomey took in his judicial capacity, he is entitled to absolute judicial immunity. Thus, Phelps fails to state a plausible claim for relief and this case is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of July, 2023.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-7
C:   Steven R. Phelps, #S30369

5